IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN ALEXIS,

    Plaintiff,

v.

CHRIS PEZAK,

    Defendant.

3:14-CV-02016
(Judge Mariani)

## MEMORANDUM OPINION

### I. Introduction

The Clerk of Court entered default in this case on November 12, 2014. Plaintiff then filed a Motion for Default Judgment (Doc. 7) and Defendant filed a Motion to Set Aside Default (Doc. 12). For the reasons that follow, the Court will grant the Motion to Set Aside Default and will deny the Motion for Default Judgment as moot.

### II. Factual Background and Procedural History

A Complaint was filed in the instant matter on October 17, 2014. (See Compl., Doc. 1.) The Complaint alleges the following facts. Defendant Chris Pezak, the Code Enforcement Officer for the City of Carbondale, Pennsylvania, arbitrarily, unreasonably, and unlawfully deemed rental property owned by Plaintiff Joan Alexis to be "Unfit for Human Habitation" and "an eminent threat to the public health, welfare and safety of the residents of the City of Carbondale" and thereafter posted condemnation notices on the property. (See id. at ¶¶ 2, 16.) The complaints that precipitated Pezak's actions allegedly came from

disgruntled tenants whose water had been shut off for failure to pay their sewer bill to the third-party Sewer Authority. (*Id.* at ¶¶ 12-14.) But Pezak did not notify Alexis in advance of the alleged defects on her property and Alexis did not discover the condemnation until the next day. (*Id.* at ¶¶ 16, 18.) Thereafter, Pezak would not allow Alexis access to the subject property unless she paid five hundred dollars to the City of Carbondale. (*Id.* at ¶ 20.) He would not allow her access to the property for any reason without paying the fee—even to allow the Water Company to restore the water supply—and threatened to levy an additional five hundred dollar fine if she attempted to do so. (*Id.* at ¶¶ 21-22.) Ultimately, Alexis was unable to pay property taxes on the subject property without rental income and the property was sold at a judicial tax sale. (*Id.* at ¶ 25.) On these facts, the Complaint alleged three counts under 42 U.S.C. § 1983, for violation of procedural due process rights under the Fourteenth Amendment (Count I) and for unreasonable seizure of property under the Fourth Amendment, both by condemning the property itself (Count II) and by refusing to restore possession or provide access after being notified that the Water Company was ready to restore the water supply (Count III).

Proof of Service shows that the Complaint was served on Chris Pezak on October 20, 2014. (*See* Proof of Service, Doc. 3, at 2.) No further action occurred until November 11, 2014, when Plaintiff filed a request for entry of default. (*See* Doc. 5.) The Clerk of Court granted that request on November 12 and entered default against Pezak "for failure to

answer, plead or otherwise defend against the Complaint, pursuant to Federal Rule of Civil Procedure 55(a)." (Default, Doc. 6, at 1.)

Plaintiff filed a Motion for Default Judgment on January 5, 2015. (*See* Doc. 7.) The Court scheduled a hearing on the Motion to be held on February 17, 2015 and directed that a copy of its Scheduling Order be mailed to Pezak. (Scheduling Order, Jan. 8, 2015, Doc. 9, at ¶¶ 1-2.) Shortly after this Order was issued, Pezak took his first action in the case by filing a Motion to Set Aside Default on January 15, 2015. (*See* Doc. 12.)

### III. <u>Standard of Review</u>

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "A decision to set aside the entry of default . . . is left primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit "does not favor entry of defaults" but rather "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *Id.* at 194-95 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). A district court must consider the following factors in exercising its discretion over a motion to set aside default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious

3

defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

## IV. Analysis

When the Court balances the above factors in light of our Circuit's disfavor of judgments by default, it becomes clear that the entry of default must be set aside.

First, the delay has caused Plaintiff no legally significant prejudice. "Under Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001); *see also Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991) ("Prejudice exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable. Detriment in the sense that plaintiff will be required to establish the merit of its claims does not constitute prejudice in this context."). A delay of two months in the disposition of this case is regrettable. But "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default

4

judgment[1] at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982). Plaintiff has not offered the Court anything to show that it suffered from that delay aside beyond the harm inherent in the passage of time itself. Thus, the "prejudice" prong favors setting aside the entry of default.

Second, the Defendant has shown a *prima facie* meritorious defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05*, 728 F.2d at 195 (quoting *Tozer*, 189 F.2d at 244). "A court requires the defendant to raise specific facts beyond a general denial so that it has some basis for determining whether the defendant can make out a complete defense." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995). Here, Defendant's Answer raises "Affirmative Defenses" in fourteen numbered paragraphs. (*See* Answ., Doc. 16, at 7-9.) Among other things, Defendant argues that he acted in accordance with all applicable laws, (*see id.*, "Affirmative Defenses," at ¶¶ 1, 6); that he assessed appropriate inspection fees, (*see id.* at ¶ 5); that the subject property qualified as an uninhabited nuisance property that did in fact pose a risk to the health, safety, and welfare of anyone that may inhabit it, insofar as it lacked running water and a furnace and suffered from roof leakage, (*see id.* at ¶¶ 2-4); that Plaintiff's damages were caused by her tenants and not by Pezak, (*see id.* at ¶¶ 8-9); and that Plaintiff's claims are barred by Pennsylvania's Political Subdivision Tort Claims Act,

---

[1] If this is true in the default judgment context, then it applies even more so to entries of default, where the standards to set aside are more lenient.

5

(see id. at ¶¶ 11-14). If these defenses were proven at trial, they would indeed constitute a complete defense to the action. Thus, the meritorious defense prong also favors setting aside the entry of default.

Third, no evidence exists to illuminate whether Defendant's conduct was excusable or culpable. The only abbreviated explanation that Defendant offers for his conduct is the conclusory statement that "while [Defendant] was served with the Complaint in this matter, there was a miscommunication between the City of Carbondale and its insurer in submitting a defense in this matter. That is the reason why there was delay in this matter and the file was misplaced." (Def.'s Answ. to Pl.'s Mot. for Default J., Doc. 15, "New Matter," at ¶ 1.) Without further information, it is impossible to tell if this conduct was excusable, as Defendant has not made the reasons or justifications for this "miscommunication" known to the Court. But there is also no reason to believe that the delay was "culpable." "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). The Court cannot infer merely from the fact that a delay occurred that the delay was somehow willful or in bad faith. And, again, Plaintiff has offered nothing beyond the fact of the delay to demonstrate culpability. Thus, the "excusability or culpability" prong is neutral.

Finally, entering a default judgment solely because Defendant took two months to respond to the Complaint would constitute the severest of sanctions, especially when, as here, the Defendant indicates that he is ready and willing to litigate the case on its merits.

Given courts' strong preference to decide cases on their merits instead of on default and given the relatively short and not clearly culpable nature of Defendants' delay, the Court is compelled to set aside the Clerk's entry of default.

V. **Conclusion**

For the reasons discussed above, Defendant's Motion to Set Aside the Entry of Default (Doc. 12) is **GRANTED** and Plaintiff's Motion for Default Judgment (Doc. 7) is accordingly **DENIED AS MOOT**. A separate Order follows.

Robert D. Mariani
United States District Judge